In the Matter of the Application of The ROCKAWAY PARK IMPROVE-
    MENT COMPANY (LIMITED), for the Refund of a Tax Illegally and
    Improperly Assessed and Levied.

ROCKAWAY PARK IMPROVEMENT COMPANY (LIMITED), Appellant.

BOARD OF SUPERVISORS OF QUEENS COUNTY, Respondent.

*Fire district created under section 37 of chapter 686 of 1892 — erroneous recital as to the law in a resolution of a board of supervisors creating it — the creation of a fire district must precede the election of commissioners, etc.*

If a board of supervisors has full power to do an act, its performance of such act is not rendered illegal by a mistake in a recital in its resolution as to the source of its power, even if the alleged source of its power to do such act is a repealed statute.

The election of fire commissioners and a treasurer and the purchasing of property and the taking of title thereto, under section 37 of chapter 686 of the Laws of 1892, must follow and not precede the act of the board of supervisors creating the fire district, and authorizing the procurement of the water supplies, and the purchasing of apparatus, and directing the levy and collection of a tax for the cost thereof upon the fire district established by it under that act.

APPEAL by the petitioner, the Rockaway Park Improvement Company (Limited), from an order of the County Court of Queens county, made on the 16th day of July, 1894, and entered in the office of the clerk of the county of Queens denying its application for an order directing the board of supervisors of Queens county to refund a certain tax levied under a resolution of said board.

*F. H. Van Vechten,* for the appellant.

*A. N. Weller,* for the respondent.

DYKMAN, J.:

While it is true that the law under which the board claims to have acted had been repealed by the County Law of 1892 (Chap. 686), and the recital of the source of power in the resolution was erroneous, yet, by section 37 of the County Law, the same powers were conferred upon the board of supervisors, almost in the same language, namely : The board has power to create the fire districts outside of incorporated villages, " and authorize such district to procure supplies of water, and purchase apparatus for the extinguishment of fires therein, and rent or purchase suitable buildings for the keeping and storing of the same, and provide for the assessment levy and collection of the costs thereof on such district in the same manner, at the same time, and by the same officers as the taxes of the town or towns in which such districts are located are assessed, levied and collected, * * * upon the petition duly verified and signed by more than one-half of the taxable inhabitants of the proposed district." So far, therefore, as the powers of the board of supervisors are concerned they are the same under the County Law as under the laws cited by the board, and this County Law was in existence and in full force at the time of the action of the board. If the board thus had full power to do what it did, its action was not rendered illegal by a mistake in the recitation of the source of its power. It is true that section 37 of the County Law requires

the legal voters of the district to elect fire commissioners, to take title to and hold in trust for the district all property acquired by it for fire purposes, and to make all contracts for the purposes therein contemplated and within the appropriations voted by the resident taxpayers of the district, and also to elect a treasurer to have the custody of the funds, and to pay out the same. It is not, however, necessary that the acts therein required should precede the acts of the board of supervisors, nor are the acts of the board of supervisors creating a fire district, authorizing the purchase of fire equipment and apparatus, and directing the levying and collecting of the cost thereof upon the district, required to be based upon the action of the legal voters of such district. Evidently the election of fire commissioners and the treasurer, and the purchasing of property and the taking of title thereto, must follow and not precede the act of the board of supervisors creating the district, and authorizing the procurement of the water supplies and the purchasing of apparatus. The addition to the law of this paragraph, and section 37, relates solely to the regulation of the care and custody of the property and conduct of the internal affairs of the district, after the board of supervisors has acted.

The petition does not show nor claim that the legal voters of the district have not strictly complied with the requirements of the additional part of the section, and in the absence of any such allegation or proof the presumption is that all of those conditions have been performed by the legal voters of the district. But it is claimed that the clause giving power to the fire commissioners to make all contracts for the purpose therein contemplated, and within the appropriations voted by the resident taxpayers of the district, in some way requires a vote of the district to precede the act of the board of supervisors creating the district and authorizing the purchase of apparatus. That clause does not in terms nor by implication declare that such vote must precede the acts of the board of supervisors, and clearly from the whole context of the section it relates to future appropriations which may be necessary to maintain the district after it shall have been first created and organized. It is claimed that the resolution No. 17 does not create a fire district at Rockaway, but only authorizes the expenditure of $10,000 to acquire a supply

of water, purchase apparatus, fire equipments, etc., and that is true, but the petition shows that the district had been created in April, 1887, and all that was necessary to be done after that was to authorize the procuring of a water supply and the purchase of fire equipments, etc. This is all the resolutions undertake to do. The fire district has been created and the water supply and fire apparatus acquired at considerable expense. Its territory contains a large population and many inflammable buildings of value, and a fire department is necessary therein. To set aside the tax, therefore, and reverse the action of the board of supervisors, would create confusion in the district.

Our conclusion is that the acts of the board of supervisors are sustained by law and should be upheld by the court, and that the order of the County Court sustaining the acts of the board should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Order affirmed, with ten dollars costs.